William Woodrow HANSELMAN and
Cory De Meyer, Plaintiffs,

v.

Patrick J. FIEDLER, Gordon A. Abrahamson, Kathleen Nagle, Donald W. Gudmanson, Judy P. Smith, Lawrence Stahowiak, Raymond Poff, Leslie Mlsna, Leslie Steckbauer, Renee Chyba, Brooks Feldman, and Patricia Elsinger, Defendants.

No. 92–C–130.

United States District Court,
E.D. Wisconsin.

May 27, 1993.

William Woodrow Hanselman, pro se.

Cory De Meyer, pro se.

David T. Flanagan, Asst. Atty. Gen., Madison, WI, for defendants.

### ORDER

WARREN, Senior District Judge.

Now before the Court in this dispute over the regulation of inmate marriages by prison

officials are Plaintiffs' motions to compel discovery, for injunctive relief, and for class certification.[1] Also before the Court is Defendants' motion for summary judgment. For the following reasons, Plaintiffs' motions will be denied, and Defendants' motion granted.

## I. BACKGROUND

On February 7, 1992, William Woodrow Hanselman[2] and Cory De Meyer[3] ("Plaintiffs") filed a complaint seeking redress pursuant to 42 U.S.C. § 1983 against numerous corrections officials and employees of the State of Wisconsin (collectively the "Defendants"), for alleged violations of their constitutional rights. Plaintiffs allege that OCI's regulations have impeded their right to marry female non-prisoners, and seek declaratory and injunctive relief as well as compensatory and punitive damages.

On April 4, 1992, this Court granted Plaintiffs' request to proceed *in forma pauperis.* (Order of April 4, 1992 at 2–3.) On June 8, 1992, the Court denied without prejudice Plaintiffs' motion for appointment of counsel, finding they had not demonstrated a reasonable effort to obtain counsel or adequately addressed the factors cited in *Jackson v. County of McLean,* 953 F.2d 1070, 1072–73 (7th Cir.1992). (*Id.* at 2–3.) The Court also denied Plaintiffs' motion for class certification for, *inter alia,* failure to serve copies of their motions on counsel for defendants. (*Id.* at 4.)

On September 1, 1992, the Court denied Plaintiffs' renewed motion for appointment of counsel, finding that Plaintiffs had submitted the name of only one attorney from whom they had sought counsel, and still had not addressed the *Jackson* factors. (Order of September 1, 1992 at 3.) The Court did not address Plaintiffs' motions to compel discov-

ery and for an injunction, or Plaintiffs' renewed motion for class certification.

Thereafter, on September 21, 1992, Defendants filed the motion for summary judgment herein.

## II. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Construed liberally pursuant to *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), Plaintiffs' "Request for Class Action Status" provides insufficient basis upon which class certification might be conferred. Movants therefore, pursuant to Rule 23, Fed.R.Civ.P., must demonstrate that: the class is too numerous for joinder; there are common questions of law or fact; the claims of the representative parties are typical; and the representative parties will fairly and adequately protect the interests of the class. Fed. R.Civ.P. 23. Plaintiffs have neither made nor attempted to make this demonstration. Instead, Plaintiffs' somewhat mysteriously assert only that: "The action described within poses issues that will have an effect throughout, and not reach beyond, and full impact will thus be inhibited." (Request for Class Action Status at 1.) Whatever this *does* mean, it does not demonstrate to the Court any basis for class certification. Nor have Plaintiffs submitted any supporting brief as required by Local Rule 6.01(a). As such, Plaintiffs' motion will be denied.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. *Legal framework*

In the Eastern District of Wisconsin, a motion for summary judgment in a case in which a party appears *pro se* is governed by Rule 56, Fed.R.Civ.P., and Local Rules §§ 6.01[4] and 6.05. Under Rule 56(c), a dis-

---

1. As resolution of Defendants' motion for summary judgment is dispositive of Plaintiffs' motions to compel discovery and for injunctive relief, the Court here reaches only Plaintiffs' renewed motion for class certification.

2. Hanselman was at all times relevant to this action incarcerated at Dodge Correctional Institution ("DCI") and Oshkosh Correctional Institution ("OCI") and is currently incarcerated at OCI.

3. De Meyer was at all times relevant to this action incarcerated at OCI and was paroled to the Division of Intense Sanctions on June 9, 1992.

4. Local Rules § 6.01 sets out the relevant briefing schedule and regular pleading requirements. Local Rules § 6.01(a–c).

trict court must enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ The initial burden is on the moving party to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If this burden is met, the nonmovant must set forth specific facts to support each element of the cause of action, demonstrating that there is a genuine issue for trial. *Id.* at 322–23, 106 S.Ct. at 2552–53; *Holmes v. Sheahan,* 930 F.2d 1196 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 423, 116 L.Ed.2d 443 (1991); *see also Adikes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970).

■ Neither party may rest on mere allegations in the pleadings or conclusory statements in affidavits; both must produce proper documentary evidence to support their contentions. *First Commodity Traders v. Heinold Commodities,* 766 F.2d 1007, 1011 (7th Cir.1985); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983). The substantive law will identify which facts are material, and only disputes over facts that might affect the outcome of the action will preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute concerning facts immaterial to any determinative issue, therefore, will not. *Donald v. Polk County,* 836 F.2d 376, 379 (7th Cir. 1988).

Further, in cases in which a party appears *pro se,* Local Rules § 6.05 requires that the movant submit either a stipulation of facts or proposed findings of fact and that the non-movant respond specifically, within thirty (30) days, to those proposed findings of fact which it contests. Local Rules § 6.05(a, b). Pursuant to Local Rules § 6.05(d), the dis-

trict court must conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response has been timely made. Local Rules § 6.05(d).

Finally, in deciding a motion for summary judgment, a district court must view the record in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). All reasonable inferences, therefore, must be drawn in that party's favor. *Id.* at 587, 106 S.Ct. at 1356; *Spring v. Sheboygan Area School District,* 865 F.2d 883, 886 (7th Cir. 1989).

**B. *Analysis***

■ Plaintiffs' complaint alleges that the marriage regulations of DCI and OCI, namely the required six (6) premarital counseling sessions and alleged fee of $50.00 per session,[5] "have no reasonable or legitimate penological objective," (Complaint at 3), and thus comprise an unconstitutional infringement on their right of due process in contravention of 42 U.S.C. § 1983. (*Id.* at 4.)

In accordance with Rule 56, Fed.R.Civ.P., and Local Rules §§ 6.01 and 6.05, Defendants submitted proposed findings of fact ("PFF") on September 21, 1992 in support of their contemporaneous motion for summary judgment. To date, Plaintiffs have filed no response to either. As such, Plaintiffs have waived their right to do so under Local Rule 6.05(b), and the Court must conclude that there is no genuine issue of material fact as to any of the proposed findings of fact submitted by Defendants. Local Rule 6.05(d). Defendants' proposed findings of fact, therefore, are accepted *in toto.*

Upon the undisputed facts, Defendants rest two arguments in support of summary judgment. First, they argue that the requirements to which Plaintiffs object are minimally intrusive and reasonably related to legitimate penological concerns with inmate rehabilitation and protection of the public.

---

5. This allegation is false. OCI Chaplain Poff does not charge for premarital counseling sessions, though there may be a charge for entirely optional sessions conducted by non-institutional staff. The one-time marriage license fee, payable at the time the application is signed by the inmate and forwarded to the Winnebago County Clerk, is $50.

(Defendants' Brief at 7.) Alternatively, Defendants argue that they are entitled to qualified immunity. (*Id.*) As the Court agrees with the former argument, however, it need reach the latter.

Both Hanselman and De Meyer, the Court finds, failed to complete OCI marriage requirements. After submitting a marriage request form, (PPF ¶¶ 63, 72), and consulting with OCI Chaplain Poff, (PPF ¶¶ 74–76), Hanselman failed to arrange for and undertake the required six (6) sessions of premarital counseling. (PPF ¶¶ 81–86.) De Meyer never undertook to meet *any* of the OCI requirements for marriage approval. (PPF ¶¶ 96–106.)

Those requirements, however, must bear a rational relationship to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 79, 107 S.Ct. 2254, 2256, 96 L.Ed.2d 64 (1987). In finding that they do, the Court applies the four-part test set forth in *Williams v. Lane,* 851 F.2d 867, 877 (7th Cir.1988). First, it appears that the requirements are designed to protect the non-incarcerated spouse from victimization or exploitation, (PPF ¶ 53), and to contribute to the satisfactory rehabilitation of inmates, (PPF ¶ 55), both legitimate government interests. Second, the requirements provide an alternative to counseling provided by the OCI Chaplain. (PPF ¶ 49.) Third, and based on the Defendants' unchallenged assertion that "[s]o many requests are submitted by inmates," (Defendants' Brief at 10), the Court infers that accommodating the Plaintiffs' apparent desire for marriage on demand would severely burden prison resources, in that it would drastically affect inmate participation in rehabilitation programming. (PPF ¶ 55.) Finally, it appears that there exist no obvious alternatives, nor do Plaintiffs raise any, which would effectively protect the public interest. (Defendant's Brief at 11.) The Court thus concludes that OCI's regulations bear a rational relationship to penological interests, and are thus not unconstitutional. As such, Defendants are entitled to judgment as a matter of law.

1. Secretary Shalala is substituted for Louis W. Sullivan, M.D., as defendant pursuant to Rule

### III. SUMMARY

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment be **GRANTED.**

**SO ORDERED.**