385 F.2d 415
 Mac TANNER, Plaintiff-Appellant,
v.
Honorable Otto KERNER, Governor, Mr. William G. Clark, Attorney General, Joseph E. Ragen, (Ex Warden, etc.), Frank Pate, Warden, Paul G. Burris, Assistant Warden, George Stampar, Assistant Warden, and Dr. John Doe Wilson, Officials of the State of Illinois, and the Illinois State Penitentiary, Joliet, Illinois, Defendants-Appellees.
 No. 15972.
 United States Court of Appeals Seventh Circuit.
 October 26, 1967.
 
 Mac Tanner, pro se.
 William G. Clark, Atty. Gen., Chicago, Ill., for appellees, Richard A. Michael, Robert F. Nix, Asst. Attys. Gen., of counsel.
 Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, an inmate of Joliet Penitentiary, filed a civil rights action under 28 U.S.C. Section 1343, and 42 U.S.C. Sections 1981, 1983, 1985 and 1986, charging that defendants individually, and in conspiracy, acting under color of Illinois law, deprived him of access to the courts in violation of his civil rights. The district court dismissed the complaint upon defendants' motion on the grounds that it failed to state a cause of action upon which relief could be granted or, in the alternative, that it was frivolous.
 
 
 2
 The substance of the allegations of Tanner's complaint is that he has been kicked, beaten, refused medical treatment, and placed in isolation by prison officials during the last six years for the purpose of preventing him from, or punishing him for, seeking the aid of the federal courts in prosecuting various causes of action.
 
 
 3
 The complaint discloses that the plaintiff has prosecuted the following claims in the federal courts: United States District Court, Northern District of Illinois Nos. 60 C 1947, 61 C 1606, 63 C 13, 63 C 468, 64 C 1572, 64 C 2100, 66 C 1043; and in this court No. 13748 and the present case.
 
 
 4
 In addition, there are attached to the complaint, as exhibits, copies and originals of several letters between plaintiff and clerks of the Supreme Court of the United States, the clerk of this court, and the clerk of the district court, and between plaintiff and a clerk and secretary to a judge of this court — all with respect to his litigation.
 
 
 5
 Upon this record of litigation in, and communication with the various federal courts, we cannot disagree with the district court that the cause of action stated in the complaint is frivolous. The complaint shows that plaintiff has not been denied access to the courts nor been deprived of a fair, unhampered opportunity to prosecute the proceedings which he has filed.
 
 
 6
 Judgment is affirmed.