Jay Dee JACKSON, Plaintiff–Appellant,

v.

COUNTY OF McLEAN, Steve Brenin, Gary Plonse, and David Goldberg, Defendants–Appellees.

No. 89–3238.

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1991.

Decided Jan. 15, 1992.

Jerold S. Solovy, Louis Milicich (argued), Jenner & Block, Chicago, Ill., for plaintiff-appellant.

William A. Allison, Bloomington, Ill., (argued), for defendants-appellees.

Before EASTERBROOK, MANION and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Jay Dee Jackson, an indigent prisoner, brought this action under 42 U.S.C. § 1983 against McLean County, Illinois and various officials of the McLean County Correction Center, alleging that they violated his civil rights while he was a pretrial detainee. Jackson claimed that during a three-month period, the McLean County jail officials restrained him with handcuffs and leg shackles around the clock every day of the week, freeing him only when he was allowed to shower or eat. These restraints were put in place due to an alleged escape attempt. Jackson also claimed that after the restraints were finally removed, he was kept confined to his cell and deprived of adequate bedding, hygiene articles, medical attention and recreational exercise for nearly nine more months. Jackson sought injunctive relief from further physical restraints, compensatory damages of $750,-000.00 for injuries he incurred while previously confined, and punitive damages of $500,000.00.

Prior to trial, Jackson filed three separate motions requesting counsel under 28 U.S.C. § 1915(d). The first and third requests were summarily denied. In a written opinion issued after Jackson's second motion, the district court concluded that although Jackson's pleading presented a colorable claim, granting his request for counsel would not materially aid him or the court in the presentation of his case. In reaching this conclusion, the court expressly relied on our per curiam decision in *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981), which set forth five nonexclusive factors to be considered when ruling on § 1915(d) requests for counsel:

> After considering these factors the court concludes that appointment of counsel is not warranted in this civil rights action. Although the plaintiff in this civil rights action has alleged sufficient facts to give rise to colorable claims, the plaintiff has alleged no physical or mental disability which might preclude him from adequately investigating the facts giving rise to his complaint.... Furthermore, the evidence which might support the plaintiff's claim does not appear so complex or intricate that a trained attorney is a necessity, and the plaintiff appears more than capable of presenting his case. In addition, the legal issues raised in the plaintiff's complaint are not unduly complex. Therefore, the plaintiff's motion for appointment of counsel is denied.

Jackson proceeded to trial *pro se*. He presented the testimony of eight witnesses on his behalf, and rested. The defendants then moved for a directed verdict, arguing that Jackson failed to establish a prima facie case in that he did not present any expert testimony about whether the restraints used by the McLean County jail officials constituted a substantial departure from accepted professional practice under *Wells v. Franzen*, 777 F.2d 1258 (7th Cir. 1985). Unfamiliar with the *Wells* decision and its requirements, Jackson did not respond to the argument. The district court subsequently granted the defendants' motion for a directed verdict. Jackson now appeals, contending that the district court denied him his right of due process by improperly refusing his request for counsel under § 1915(d).

■ We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). The district court, however, may in its discretion request counsel to represent indigent civil litigants in certain circumstances under 28 U.S.C. § 1915(d). *McKeever*, 689 F.2d at 1318; *Maclin*, 650 F.2d at 886; *Heidelberg v. Hammer*, 577 F.2d 429, 431 (7th Cir.1978); *Chapman v. Kleindienst*, 507 F.2d 1246, 1250 n. 6 (7th Cir.1974); *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir.1967). Denying a

request for counsel will constitute an abuse of discretion if it "would result in fundamental unfairness infringing on due process rights." *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir.), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1987). To aid the district court in evaluating the constitutionally implicated right of fundamental fairness in this context, we set forth a nonexclusive list of five factors to be considered. *Maclin,* 650 F.2d at 887. These factors, outlined in *Maclin* and its progeny, include: (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *Id.* at 887–888. Failure to identify and discuss these factors when ruling on a § 1915(d) motion will be treated as clear abuse of discretion by the district court. *See e.g. Howland v. Kilquist,* 833 F.2d 639, 646 (7th Cir.1987).

Although the *Maclin* factors have generally been cited with approval in other circuits, no court—including our own—has treated those listed factors as an exhaustive compilation of all the inquiries relevant to § 1915(d) motions. *See Cookish v. Cunningham,* 787 F.2d 1 (1st Cir.1986); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986); *Whisenant v. Yuam,* 739 F.2d 160 (4th Cir.1984); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir.1982); *In re Lane,* 801 F.2d 1040 (8th Cir.1986); *Long v. Shillinger,* 927 F.2d 525 (10th Cir.1991); *Holt v. Ford,* 862 F.2d 850 (11th Cir.1989). In *Maclin,* we expressly stated that the factors identified were not the only ones to be examined when exercising § 1915(d) discretion:

> The factors we have discussed thus far are those most often cited by other courts presented with requests for counsel. They are, in addition, the factors most relevant to the case before us now. They are by no means an exclusive checklist, however. In some other case other elements will no doubt be found

significant—even, perhaps, controlling. But for present purposes the foregoing discussion will serve as an adequate foundation for our consideration of Maclin's request for counsel.

650 F.2d at 889.

One factor to which several circuits have attached special significance—a factor not specifically referred to in the *Maclin* list— is whether an indigent has made efforts to secure counsel. *See Hodge,* 802 F.2d at 61; *Ulmer,* 691 F.2d at 213; *Henry v. City of Detroit Manpower Dept.,* 763 F.2d 757, 760 (6th Cir.1985); *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1005 (8th Cir.1984); *Bradshaw v. Zoological Soc. of San Diego,* 662 F.2d 1301, 1318 (9th Cir. 1981). Requiring a threshold examination into an indigent's effort to retain counsel is based on the language of the enabling statute. By its own terms, § 1915(d) dictates that an indigent must have made an unsuccessful attempt to obtain counsel before the request can be considered:

> The court may request an attorney to represent any such person *unable to employ counsel* and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious (emphasis added).

28 U.S.C. § 1915(d). We ourselves have recognized that such an inquiry is appropriate in the similar context of indigents who present claims for counsel under the 1964 Civil Rights Act. As we stated in *Jones v. WFYR Radio/RKO General,* "the plaintiff's diligence in attempting to obtain a lawyer" is a significant consideration when determining whether to appoint counsel to an indigent civil litigant under § 706 of the Civil Rights Act of 1964. 626 F.2d 576, 577 (7th Cir.1980), *overruled on other grounds, Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981). *See also* 42 U.S.C. § 706(f), as amended by § 2000e–5(f)(1). We are unable to discern any basis for holding § 706 requests for counsel to a higher standard than those requests made pursuant to § 1915(d).

■ The factors identified in *Maclin* remain appropriate for evaluating § 1915(d) requests for counsel. Yet once indigency

is established, we believe that § 1915(d) requires a threshold inquiry into the indigent's efforts to secure counsel. Accordingly, when deciding whether or not to grant a request for counsel under § 1915(d), the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts. Only when the petitioner meets this threshold requirement should the court commence the *Maclin* examination. If, however, the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright.

■ By requiring the district court to consider this element as a prerequisite to an application of the *Maclin* factors, we do not mean to say that a petitioner's suit is *per se* meritless because he was not successful in an effort to retain counsel; the willingness of counsel to take a case is not a perfect indicator of which claims are important and legitimate nor will counsel always be available. Nevertheless, a petitioner's ability to retain counsel is a significant consideration when sifting out those claims which are patently frivolous and designed solely for the purpose of harassment. The American system of contingent fees is based on the assumption that any person, regardless of financial ability, can secure representation by an attorney for the prosecution of legitimate legal claims. An attorney who finds that there are reasonable grounds for the suit and a reasonable possibility of success will normally accept the case. While there may be conditions or circumstances which preclude the effective operation of the contingent fee system in particular cases, we believe that a court contemplating an appointment of counsel under § 1915(d) is justified in subjecting an indigent's claim to heightened scrutiny if the petitioner was unsuccessful in obtaining counsel.

■ We do not make retroactive the application of the principles announced in this opinion. This case has already proceeded to trial. We do, however, review the district court's application of the *Maclin* test

at the time Jackson requested counsel. The pleadings disclosed that the legal issues in this case were complex, thus bringing into question Jackson's ability to adequately present them. Given the *Wells* decision, it should have been apparent from the outset that Jackson needed the expert testimony of a physician or health professional to prove two essential elements of his claim: the accepted professional practice regarding the use of restraint and that the restraints used at the McLean Jail constituted a substantial departure from the accepted professional practice. The district court should have realized that it was highly probable that Jackson would not have recognized the need to call expert witnesses to present a prima facia case. In short, the lack of legal representation placed Jackson at a serious disadvantage compared with an adversary who took every advantage of the situation. Section 1915(d) allows, and here requires, the judge to rectify this imbalance. *See McNeil*, 831 F.2d at 1371. We therefore hold that the district court abused its discretion in failing to grant Jackson's request for counsel under § 1915(d).

We accordingly REVERSE the district court's grant of the directed verdict in favor of the defendants, grant the request for new trial and REMAND for further proceedings consistent with this opinion.