Johnnie B. **ROSE**, Plaintiff,

v.

**RACINE CORRECTIONAL INSTITUTION, et al.,** Defendants.

No. 91–C–0918.

United States District Court, E.D. Wisconsin.

Feb. 21, 1992.

Johnnie B. Rose, pro se.

David E. Hoel, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for defendants.

ORDER

AARON E. GOODSTEIN, United States Magistrate Judge.

On August 26, 1991, *pro se* plaintiff Johnnie B. Rose, then and presently an inmate at the Racine Correctional Institution (RCI), filed a 42 U.S.C. § 1983 action against RCI and various RCI officials and employees alleging a number of violations of his constitutional rights concerning treatment and conditions of confinement. On October 24, 1991, United States District Court Judge John W. Reynolds granted plaintiff's request to proceed *in forma*

*pauperis* finding that plaintiff "presented an arguable claim that the conditions of his confinement in controlled segregation violated his constitutional rights." Presently before this Court are plaintiff's three recently filed motions for appointment of counsel.

In support of his motions for appointment of counsel, plaintiff indicates that he has a learning disability history since childhood, that he is unfamiliar with the law, and that he needs legal representation in order to receive a fair trial.

■ In addressing plaintiff's motions for appointment of counsel, the law is well established that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). The district court, however, may in its discretion request counsel to represent indigent civil litigants in certain circumstances under 28 U.S.C. § 1915(d). *McKeever v. Israel*, at 1318.

■ In a recent Seventh Circuit Court opinion, *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir.1992), the Court of Appeals held that "when deciding whether or not to grant a request for counsel under § 1915(d), the district court judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts". *Id.* at 1073. If the indigent has "made no reasonable attempts to secure counsel", the request for appointment should be denied outright. *Id.* Only after this threshold requirement is satisfied should the Court commence the five-factor test analysis of *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981). *Id.*

In requiring the indigent party to make a reasonable effort to retain counsel, the court in *Jackson* based its reasoning on the language of § 1915(d) which states that such person must be "unable to employ counsel." The court also indicated that its interpretation of § 1915(d) comports with the "American system of contingent fees [which] is based on the assumption that any person regardless of financial ability, can secure representation by an attorney for the prosecution of legitimate legal claims." *Jackson v. County of McLean*, at 1073.

This court has great concern with the reasoning of the circuit court as it applies to indigent prisoners. The American system of contingent fees does not operate in the same manner within an institutional setting as it does on the open market. This is because there are many impediments to representing a prisoner which may cause a lawyer to refuse representation, notwithstanding the legitimacy of the indigent's claim. First of all, communication by mail between the prisoner client and the attorney is slow and cumbersome due to valid institutional regulations. Prisoners are subject to movement in placement on short notice, including being placed in segregated status, both of which disrupt the orderly flow of communication. Personal consultation means a trip to the institution by the attorney and is subject to legitimate restrictions. An indigent prisoner, by definition, is without substantial funds which will impede the attorney's ability to incur necessary costs of litigation.

For the foregoing and other reasons, many attorneys simply are unwilling to undertake the representation of an indigent prisoner. This is true regardless of the merit of the claim. Furthermore, even if the claim has merit, the potential award if the indigent prevails may be too low to serve as a sufficient inducement which would overcome the problems that are inherent with prisoner representation. Therefore, since the likelihood of obtaining representation through the American system of contingent fees is minimal, this court wonders whether *Jackson*'s requirement is a fruitless gesture.

There are also logistical problems with the requirement. In other words, what is a "reasonable effort" for an indigent prisoner? The prisoner certainly cannot go from law office to law office trying to interest someone in the case. Is the prisoner to send out numerous letters describing the claim and soliciting assistance? From a practical standpoint, many of the claims

filed by prisoner raise credibility issues. How is a lawyer able to assess the credibility of a potential client without a personal consultation? Certainly, not many lawyers will be willing to make a trip to the prison to interview the indigent.

If it were not for this district's Pro Bono Panel, very few indigent prisoners would be represented by counsel. Processing a case involving a pro se plaintiff makes the court's task, and opposing counsel's, far more difficult and time consuming. One of the strong incentives for attorneys to join this district's panel is the existence of the Cost Reimbursement Plan which reimburses counsel for most necessary litigation expenses. Another incentive is the continuing legal education programs that are held periodically. Thus, in this district a repository of attorneys exists who are available to be appointed by the court, but might not otherwise be willing to accept representation.

The court thus finds itself in a quandary. In the present case, the plaintiff has not demonstrated that he has attempted to retain counsel on his own behalf or that he was effectively precluded from making such efforts. This court is extremely doubtful that plaintiff will be able to retain counsel, but in light of the requirement of *Jackson v. County of McLean*, it has no alternative but to deny the plaintiff's motion for appointment of counsel. The motion will be denied without prejudice and may be renewed by the plaintiff at such time as he has satisfied the threshold requirement of *Jackson*.

Parenthetically, a review of the present case reveals that defendant RCI (the sole defendant served in this action to date by the U.S. Marshal's Office) has filed a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for a failure to state a claim upon which relief can be granted. The defendant submits that, as a component of a state agency, it is not a "person" under the Civil Rights Act and thus not a proper defendant. To date, the plaintiff has not opposed the defendant's motion to dismiss. This may be because plaintiff was awaiting the court's decision on his request to appoint counsel or because his lack of legal knowledge makes it difficult to respond. For whatever reason, the plaintiff will be required to respond to the defendant's motion to dismiss by *March 20, 1992*. The plaintiff is advised that a failure to oppose the defendant's motion to dismiss may subject this action to dismissal for a failure to diligently prosecute this action (Local Rule 10.03, E.D.Wis.).

THEREFORE, IT IS ORDERED that plaintiff's motions for appointment of counsel are denied.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Local Rule 13.02 (E.D.Wis.) which provides that written appeal from this order may be filed within ten (10) days with the Clerk of Court.