7 F.3d 239
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen WARD, Plaintiff-Appellant,
v.
Ronald FLEMING, Tyree Currie, Sergeant David Tadlock, et
al., Defendants-Appellees.
 No. 92-3450.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 24, 1993.*
Decided Sept. 27, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 91-C-1145, Hon. James B. Moran, Chief Judge.
 
 
 1
 N.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 The district court dismissed as frivolous Stephen Ward's claim that he was denied meaningful access to the courts when a prison official (after a week's delay) refused to notarize Ward's signature on all but one copy each of various legal documents, see 28 U.S.C. § 1915(d), but allowed an excessive force claim to proceed. The latter claim proceeded to trial, resulting in a jury verdict in favor of the defendants. Ward appealed, complaining that the district court should not have denied him leave to proceed as to the access-to-courts claim and improperly denied him counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 4
 The delay or denial of notary services is, at most, a minor and incidental impingement of a prisoner's access to court, requiring a showing of prejudice. See Jenkins v. Lane, 977 F.2d 266, 268-69 (7th Cir.1992) (prejudice requirement in access to court claim is waived only if the case involves a restriction on counsel or legal materials that completely prevents a prisoner from performing preliminary legal research). Ward's claim that he need not plead prejudice is simply wrong. Further, Ward does not argue that he could amend his complaint to allege facts to show prejudice, and we perceive none. Cf. Casteel v. Pieschek, Nos. 91-2337 et al., slip op. at 13 (7th Cir. August 23, 1993). The district court, therefore, did not abuse its discretion in dismissing Ward's access-to-courts claim as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992) (Section 1915(d) dismissals reviewed for abuse of discretion).
 
 
 5
 "The decision to appoint counsel is within the discretion of the district court, which we will not overturn absent some 'fundamental unfairness.' " Jenkins v. Lane, 977 F.2d 266, 270 (7th Cir.1992). The district court denied Ward's motion for appointment of counsel because Ward made no attempt to advise the court of what efforts, if any, he took to retain counsel. See Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir.1992) (district judge must first inquire into indigent's efforts to secure counsel before application of the Maclin factors). The question relating to this information on the court's preprinted motion form went unanswered. The district court did not abuse its discretion in denying Ward's request for counsel on this basis.
 
 
 6
 Ward also claims that the failure to appoint counsel rendered his trial on the excessive force claim unfair. Because Ward has failed to produce a transcript, we are in no position to determine whether the trial was rendered fundamentally unfair. See Woods v. Thieret, No. 92-2820, slip op. at 2 (7th Cir. September 15, 1993) (failure to produce transcript precluded review of denial of Rule 50(b) motion in a pro se prisoner civil rights appeal).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)