25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Vernon KING, Plaintiff-Appellant,
v.
Alethea T. CAMP, et al., Defendants-Appellees.
 No. 92-3875.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.*
Decided June 1, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Vernon King, currently incarcerated at Dixon Correctional Center in Illinois, filed this civil rights action under 42 U.S.C. Sec. 1983, claiming that the defendants, acting out of racial animus, were deliberately indifferent to his serious medical needs in violation of the eighth amendment. The district court dismissed the claims against defendants Camp, Cearlock, Sander, and File, and later granted summary judgment in favor of defendant Baggia.
 
 
 2
 All of the defendants are or were employees of Graham Correctional Center, where King was incarcerated between 1989 and 1992. King claimed that during that time he was given inadequate treatment for bleeding ulcers and injuries he sustained from a fall in the shower. Yet King specifically states that he does not now seek money damages. He requested such relief in his complaint but has changed his mind and now wants only declaratory and injunctive relief.**
 
 
 3
 King lacks a case or controversy with these defendants about prospective relief. King has not been incarcerated at Graham Correctional Center since September 1992, and there is no indication that he will be returned there in the future. Consequently, he cannot benefit personally from the relief he requests. Nor can he be harmed by the named defendants' alleged continued failure to provide adequate medical care. King lacks the requisite personal stake in the outcome. Stewart v. McGinnis, 5 F.3d 1031, 1039 (7th Cir.1993) (prisoner who had been transferred to another prison no longer had standing to seek declaratory or injunctive relief for alleged due process violations); Knox v. McGinnis, 998 F.2d 1405, 1413-15 (7th Cir.1993) (prisoner released from administrative segregation did not have standing to seek injunction barring defendants from violating his eighth amendment rights).
 
 
 4
 Employees at Dixon Correctional Center, where King is currently incarcerated, are not defendants and therefore cannot be enjoined from violating his constitutional rights. As for King's claims that the defendants either directly or through others confiscated evidence, opened his mail without him being present, denied him access to the courts, and continuously transferred him, harassed him and provided inadequate treatment in retaliation for his filing this claim: none of these contentions appears in King's complaint, and none was addressed by the district court. They are waived.
 
 
 5
 The district court denied King's request for counsel. Because there is no constitutional or statutory right to counsel in a federal civil case, Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992), we will not overturn the refusal to request counsel unless it should have been clear beyond doubt that the plaintiff was incapable of obtaining any sort of justice on his own, and that he was unable to retain counsel. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.1993). Whether the district court's decision was reasonable when made is determined by looking at the demonstrated abilities of the plaintiff relative to the complexity of the issues involved in the case. Id. at 321-22. The mere failure of the plaintiff to represent himself well does not establish error. Id. at 322. Here, King moved for the appointment of counsel before the defendants had filed an answer to the complaint. At that time, the district court could not have anticipated the difficulty King would experience in obtaining access to his medical records. Nor could the court have predicted that King would abandon his claim for damages. Accordingly, the district court did not abuse its discretion in refusing to request counsel.
 
 
 6
 The appeal is dismissed for want of a live controversy.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 **
 "The only things I am fighting here for is medical treatment not money. The right to be treated because I am sick not denyed [sic] because of the color of my skin. Money from these appellees will not bring back my health. I just asking to be treated." Appellant's Brief at 15