56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jorge ORTIZ, Petitioner-Appellant,
v.
D.R. McBRIDE, Respondent-Appellee.
 No. 93-3187.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided May 26, 1995.
 
 Before Cummings, Easterbrook and Ripple, Circuit Judges.
 
 ORDER
 
 1
 Jorge Ortiz, an Indiana inmate, was disciplined for an infraction of prison rules by the Indiana Prison Conduct Adjustment Board. He filed a petition for a writ of habeas corpus in federal district court alleging a variety of constitutional violations concerning his disciplinary hearing at the Westville Correctional Center.
 
 
 2
 We do not reach the claims raised in Ortiz' petition, however, because Ortiz presented another issue during the course of this litigation. Ortiz alleges that prison officials violated his right of access to the courts because he was not allowed unfettered assistance from another inmate with the preparation of his petition and other court documents. Ortiz enlisted the assistance of Fabio Diaz, a "writ writer" who has experience in preparing legal documents for prisoners. Ortiz did not present his right of access claim in a formal complaint pursuant to 42 U.S.C. Sec. 1983, or even as an amendment to his habeas corpus petition. Instead, Ortiz filed a motion asking that Diaz, or legal counsel, be appointed to assist him. In response, the district court sent Ortiz a questionnaire to determine whether appointment of an attorney was appropriate. Ortiz never responded.
 
 
 3
 Ortiz repeated his request for appointment of counsel in a "Motion for Extension of Time" in which he requested more time to file a reply to the government's response. Ortiz requested appointment of counsel and cited lack of counsel as the reason that an extension of time was necessary. Ortiz did not mention Diaz in the motion. The court extended Ortiz' deadline. Two months later Ortiz filed another document asking the court for more time because Diaz did not have access to the law library to photocopy and mail Ortiz' reply. The reply was filed the next day. Two weeks later Ortiz filed another document appointing Diaz to act on his behalf to file further documents with the district court. The document did not call for any court action, so none was taken.
 
 
 4
 The United States Supreme Court held that states could not unreasonably interfere with an inmate's fundamental right of access to the courts. Johnson v. Avery, 393 U.S. 483, 485 (1969). A prisoner's access must be "meaningful" and prison officials bear the burden of proving the adequacy of the access provided. Shango v. Jurich, 965 F.2d 289, 292 (7th Cir. 1992); Casteel v. Pieschek, 3 F.3d 1050 (7th Cir. 1993). The right of access extends to inmate assistance in the absence of other "access" alternatives. In Johnson, the state disciplined the petitioner for violating a prison rule against aiding other prisoners in seeking post-conviction relief. The state did not, however, provide any alternative to inmate assistance, such as access to attorneys, law students, or the use of adequate law libraries. Id.; Bounds v. Smith, 430 U.S. 817, 828 (1977).
 
 
 5
 To prove a violation of his right of access, Ortiz must show that he was harmed by either an interruption or delay of the pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992) (citing Shango, 965 F.2d at 292). Ortiz is not required to show harm if he alleges a direct, substantial and continuous limit of access to legal materials, which is "any restriction on counsel or legal materials that completely prevents the prisoner, or a person acting in the prisoner's behalf, from performing preliminary legal research." Jenkins, 977 F.2d at 268; Shango, 965 F.2d at 292 (citing cases). A restriction that impinges a constitutional right is valid if it is reasonably related to legitimate penological interests. See Johnson, 393 U.S. at 489 (limits on time and location of prisoner meetings are reasonable restraints); Shango, 965 F.2d at 293.
 
 
 6
 The district court order denying Ortiz' petition did not address the right of access allegations. Ortiz has not alleged denial of access to anyone other than Diaz; but the prison has not advanced even the slightest reason for preventing correspondence between Ortiz and Diaz. That requires a remand, so that each side may attempt to make its essential showing: Ortiz that this deprivation cut off essential tools of access to the courts, and the prison that it had a good reason for blocking the Ortiz-Diaz correspondence. If the district court determines that Ortiz' right of access to Diaz was unconstitutionally prohibited, the alleged violation may affect the arguments and legal analysis supporting Ortiz' disciplinary claims. We leave for another day the merits of Ortiz' habeas corpus claims.
 
 
 7
 The district court cited Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992), when it considered Ortiz' motion for legal assistance (from Diaz or a court-appointed attorney). The district court may have relied on Jackson when it failed to rule on Ortiz' right of access claim. Jackson was a 42 U.S.C. Sec. 1983 civil rights action in which we held that a prisoner seeking appointment of counsel must show that he or she made reasonable efforts to secure counsel independently. The Jackson reasoning is based on the possibility of compensation pursuant to the fee shifting provisions of 42 U.S.C. Sec. 1988(b). In contrast, attorney compensation in habeas corpus actions is provided by the Criminal Justice Act, that allows only a minimal fee. 18 U.S.C. Secs. 3006A(d)(1)-(2); 3006A(g). Jackson, therefore, does not apply to section 2254 actions.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record