64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter F. RIDDLE, Plaintiff-Appellant,
v.
Jerry GAWTHORPE, Lloyd Chadoin, and Gilbert Birk,
Defendants-Appellees.
 No. 94-2281.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.*
Decided Aug. 11, 1995.
 
 Before Flaum, Ripple, and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Walter Riddle was arrested on June 24, 1992 and held as a pretrial detainee at the Dewitt County Jail. When he was arrested, Riddle had casts on both his feet due to broken heels that he suffered prior to his arrest. Riddle was scheduled to have the casts removed two weeks after his arrest. He was taken outside the prison for medical care on June 29, July 1, July 8, July 15, and August 10. Riddle's casts were removed on July 8.
 
 
 2
 Riddle sued Gawthorpe, the jail administrator, Birk, the Dewitt County Sheriff, and Chadoin, a sheriff's deputy, pursuant to 42 U.S.C. Sec. 1983 for violations of the Eighth Amendment. Riddle alleged that the defendants were deliberately indifferent to his serious medical condition. He complains that he was not allowed to see his doctor at the appropriate time for removal of the casts, that he was denied prescription medication, and that he was denied proper physical therapy. The defendants deposed Riddle's physician, Dr. Bratberg. Riddle received timely notice of Bratberg's deposition, but because he was incarcerated, Riddle did not attend the deposition.
 
 
 3
 The defendants filed a motion to dismiss the action, but after discovery produced favorable information, they were granted leave to supplement their motion with prison records, affidavits, and Bratberg's deposition. In light of the new exhibits, the district court construed the motion as one for summary judgment, and gave Riddle notice that he was doing so. The court granted the motion, noting that Riddle's case appeared to be "entirely manufactured". Riddle then filed a motion to reconsider, which the district court denied.
 
 
 4
 Riddle appeals the grant of summary judgment for the defendants. He makes nine arguments in his appeal that primarily concern the procedures employed in taking Dr. Bratberg's deposition and whether the deposition should be considered as evidence. He also disagrees with the district court's assessment of his medical condition, the defendant's conduct, and the denial of his request for counsel pursuant to 28 U.S.C. Sec. 1915(d).
 
 ANALYSIS
 
 5
 We review the district court's grant of summary judgment de novo, construing the facts and inferences in the record in the light most favorable to Riddle. CSX Transp., Inc. v. Chicago and North Western Transp., Co., No. 94-3145, slip op. at 3 (7th Cir. July 31, 1995). We will affirm the district court's decision if the defendants can show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242 (1986).
 
 
 6
 Initially, we rule out Riddle's arguments concerning the taking of Dr. Bratberg's deposition. These arguments are frivolous under the plain language of the Federal Rules of Civil Procedure, and do not warrant further discussion. Riddle's remaining arguments warrant little more discussion. The defendants provided the district court with plentiful evidence that they were not deliberately indifferent to Riddle's medical condition, and that Riddle's condition was not "serious" for Eighth Amendment purposes. See Hudson v. McMillian, 503 U.S. 1, 9 (1992); Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).
 
 
 7
 The evidence showed that Riddle was examined by a physician on several occasions during his detention. Dr. Bratberg testified that Riddle's casts were removed on schedule and that Riddle's recovery was good after the casts were removed. Dr. Bratberg also testified that he did not prescribe medication for Riddle, nor did he prescribe physical therapy other than exercises that Riddle could perform on his own. Riddle did not present any evidence to refute the defendants' evidence. He has nothing to support his claim that he was denied medical attention, medication, or physical therapy. No genuine issue of material fact remains. Prisoners do not have the right to unlimited health care, and to sustain an Eighth Amendment claim, the defendants' indifference to medical needs must be substantial. That level is not reached by inadvertence or by differences in opinion between the inmate and medical personnel. Estelle, 429 U.S. at 106. Riddle did not offer any proof that a constitutional violation occurred, so the defendants are entitled to judgment as a matter of law.
 
 
 8
 Riddle also complains that his request for counsel should have been granted. Our decision in Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992), sets forth the standards by which Sec. 1915(d) requests for counsel are made. First, the court should determine whether the plaintiff made reasonable efforts to secure counsel independently before requesting appointment by the court. Id. at 1072. If so, the district court looks at five, nonexclusive, factors when determining whether to appoint counsel: 1) the merits of the claim; 2) the plaintiff's ability to investigate the critical facts of the case on his or her own; 3) whether the evidence is of the type where the truth will more likely be exposed when both sides are represented by counsel; 4) the plaintiff's ability to present the case; and 5) the complexity of the legal issues. Id. at 1071. These factors, however, basically ask this simple question: "given the difficulty of the case, did the plaintiff appear to be competent to try it himself, and if not, would the presence of counsel have made a difference in the outcome?" Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). We will reverse the district court's decision for an abuse of discretion. Barnhill v. Doiron, 958 F.2d 200, 201 (7th Cir. 1992).
 
 
 9
 The district court determined that Riddle did not make reasonable efforts to secure counsel independently. In addition, the district court looked at the five factors and held that Riddle was competent to present the case himself. We agree with that assessment. The case was neither legally nor factually difficult to present, and Riddle was aware of medical records and other information that might help his case. The district court did not abuse its discretion when denying Riddle's request for counsel.
 
 
 10
 The district court decision is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record