70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles SOLOMON, Plaintiff-Appellant,
v.
Roy LITTLE, Defendant-Appellee.
 No. 95-1577.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 14, 1995.
 
 Before CUMMINGS, Circuit Judge, KANNE, Circuit Judge, ROVNER, Circuit Judge.
 
 ORDER
 
 1
 Charles Solomon filed suit pro se under 42 U.S.C. Sec. 1983 contending that while he was a pretrial detainee at Cook County Department of Corrections, correctional officer Roy Little was deliberately indifferent to Solomon's medical needs. The district court granted Officer Little's motion for summary judgment. Solomon appeals the district court's decision not to appoint counsel and to allow the defendant additional time to file a motion for summary judgment. We affirm.
 
 
 2
 These two issues require this court to examine the district court's order for an abuse of discretion. Swofford v. Mandrell, 969 F.2d 547, 551 (7th Cir.1992); Ooley v. Schwitzer Div., Household Mfg., Inc., 961 F.2d 1293, 1306 (7th Cir.1992). Appellate review of a district court's discretion is very limited. Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court. Graham v. Sauk Prairie Police Comm'n, 915 F.2d 1085, 1108 (7th Cir.1990). If reasonable persons could differ over the trial court's view then this court will not find an abuse of discretion. Id.
 
 
 3
 We will uphold a district judge's decision not to appoint counsel unless the plaintiff appears incompetent to litigate himself or was unable to obtain counsel. Farmer v. Haas, 990 F.2d 319, 322-23 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). Applying these standards, we hold that the district court did not abuse its discretion in denying Solomon's motions for appointment of counsel. The record reflects that Solomon was capable of pursuing his claims; he successfully amended his complaint and filed a response sufficient to survive the defendant's motion to dismiss. (R. at 46). The record also reflects his ability to competently conduct discovery by serving the defendant both with requests for documents and for admissions. (R. at 30, 31). The case was not legally complex. Nor has he shown he was unable to procure counsel on his own. See Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992). Under these circumstances, the district court did not abuse its discretion in denying Solomon's motion for appointment of counsel.
 
 
 4
 We now consider whether the district judge abused its discretion in permitting additional time within which to file defendant's motion for summary judgment. The court ordered the state to file defendant's motion for summary judgment by May 17, 1994. Missing this deadline, the Assistant State's Attorney, Margaret Glass, filed a motion for enlargement of time to file defendant's motion. The court granted the motion and extended the deadline until July 11, 1994. Failing also to file by this date, the state sought a second extension until August 22, 1994 which the court again granted. Defendant's motion for summary judgment was filed on August 22, 1994.
 
 
 5
 The standard for granting an enlargement of time after the expiration of the specified period is "excusable neglect." Fed.R.Civ.P. 6(b)(2). To satisfy this standard a movant must demonstrate good faith and a reasonable basis for noncompliance. Ooley, 961 F.2d at 1306. In the first motion, Assistant State's Attorney Glass argued that her failure to timely file was excusable because of a serious head injury that required her to take an unexpected medical leave of absence during the time the motion was to be filed. Glass subsequently transferred the case to another State's Attorney when her medical condition worsened--forcing her to work only half days and causing her to miss the new July 11, 1994 filing deadline. The state filed for a second extension detailing these developments. The court granted the extension and eventually granted defendant's motion for summary judgment against Solomon.
 
 
 6
 Since determination of whether neglect in a particular case rests within the sound discretion of the district judge, this ruling will be upset only if discretion is abused. Id. at 1305. The record evinces that the state needed additional time because of legitimate medical and workload concerns, and the court tailored the extensions to ensure that the state responded promptly in light of these developments. Under these circumstances, we find no abuse of discretion in the district court granting both extensions.
 
 
 7
 Accordingly, we AFFIRM the district court's order granting the defendant's motion for summary judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statements were submitted. Accordingly, the appeal is submitted on the briefs and the record