85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny LACY, Jr., Plaintiff-Appellant,
v.
Dan A. BUCHLER, et al., Defendants-Appellees.
 No. 94-3765.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 13, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Johnny Lacy filed a complaint under 42 U.S.C. § 1983 alleging that officials at the Racine Correctional Institution ("Racine") interfered with his constitutional right of access to the courts. Lacy alleged that (1) he did not receive supplies that he requested and (2) he was denied adequate access to legal materials when he was in segregation. The district court granted summary judgment to the defendants, and Lacy appeals.
 
 I. Legal Supplies
 
 2
 Lacy claims that his right of access was violated because he requested supplies for legal work (he apparently asked for writing tablets and pens) and the supplies were never delivered to him. An inmate is entitled to necessary scribe materials, which include paper and "some means of writing." Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir.1995).[1] However, a prisoner must show detriment in order to prevail on a claim of denial of access to the courts. Id.; Smith v. Shawnee Library System, 60 F.3d 317, 323 (7th Cir.1995). Detriment may be shown if the prison officials' conduct resulted "in the interruption and/or delay of plaintiff's pending or contemplated litigation." Hossman v. Spradlin, 812 F.2d 1019, 1021 n. 2 (7th Cir.1987).
 
 
 3
 The district court held that Lacy failed to show that the denial of legal supplies interfered with his litigation. Lacy alleged that he had a case pending in the Seventh Circuit that was dismissed because he was unable to respond. Lacy, however, did not submit any evidence to the district court supporting this assertion: he did not, for instance, identify the case name and number or submit a copy of the order dismissing the case. Thus, he created no genuine issue of material fact regarding detriment, so the district court properly granted summary judgment to the defendants.[2]
 
 II. Access to Law Library in Segregation
 
 4
 Next, Lacy claims that he was not allowed adequate access to legal materials while in segregation. Prisoners in the segregation unit at Racine do not have access to the prison's main law library. Instead, they may use a "satellite law library," which is a rolling cart filled with legal reference materials. Inmates in segregation are allowed a thirty-minute visit to the satellite law library two times per week, and they may review the reference materials, take notes, and request that copies of cases or other legal materials be delivered to their cells. While using the segregation law library, inmates are secured in a waist belt and wrist restraints. Lacy alleges that the wrist restraints make it painful and difficult to retrieve books from the cart and take notes. In contrast, defendant Ronald Molnar (the Programs Captain in charge of the segregation unit) attested that the restraints, "though somewhat restrictive, do not hamper range of motion to an extent as to impede the note-taking process or one's ability to retrieve books from the cart shelves."
 
 
 5
 Regardless of whether the system at Racine comports with constitutional requirements,[3] Lacy (as discussed above) has failed to show detriment. However, a showing of detriment is not required if the violation of an inmate's right of access is "direct, substantial and continuous rather than ... 'minor and indirect.' " Alston v. DeBruyn, 13 F.3d 1036, 1041 (7th Cir.1994) ( quoting Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992)). A deprivation qualifies as "substantial and continuous" only if it "completely prevents the prisoner, or a person acting in the prisoner's behalf, from performing preliminary legal research.... Our cases waive prejudice for the most egregious legal access claims because a prisoner without any access to materials cannot determine the pleading requirements of his case, including the necessity of pleading prejudice.... [H]owever, ... an inmate with even minimal legal resources could discover the prejudice requirement." Jenkins, 977 F.2d at 269. The system at Racine did not completely deprive Lacy of the ability to conduct preliminary legal research or discover the prejudice requirement. Therefore, because Lacy failed to submit evidence of detriment arising from any deprivation of his right of access, the district court properly granted summary judgment to the defendants.[4]
 
 III. Appointment of Counsel
 
 6
 Finally, Lacy argues that the district court abused its discretion by declining to appoint counsel for him. A civil litigant has no constitutional or statutory right to counsel, but the district court may "request counsel to represent indigents in appropriate cases." Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995). As a threshold matter, Lacy may not request the appointment of counsel unless he first made reasonable efforts to obtain a private attorney to represent him. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir.1992). The district court found that Lacy had not made reasonable efforts to obtain a private attorney, and there is no evidence in the record that Lacy made any such efforts. Accordingly, the district court did not abuse its discretion by denying Lacy's request for counsel.
 
 
 7
 In conclusion, Lacy has not made any showing of detriment from the alleged infringements on his right of access to the courts, and he was not entitled to the appointment of counsel. The judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Prisoners do not have the right to "limitless supplies of such materials, merely to that amount minimally necessary to give them meaningful access to the courts." Id
 
 
 [2]
 On appeal, Lacy identifies the case that he claims was dismissed because of his inability to respond: Lacy v. Matejczk, No. 94-1212. In Lacy v. Matejczk, we denied Lacy's request to appeal in forma pauperis and summarily affirmed the district court's dismissal of his case. See Lacy v. Matejczk, No. 94-1212 (Order of August 31, 1994). It is not clear from this order how Lacy could have altered the result by filing additional documents, and Lacy does not identify what document(s) he was unable to file
 
 
 [3]
 When prisoners in segregation are allowed access to reference materials and may request cases by giving citations, this system may be sufficient to provide meaningful access to the courts. See DeMallory v. Cullen, 855 F.2d 442, 447 (7th Cir.1988); Campbell v. Miller, 787 F.2d 217, 229 (7th Cir.), cert. denied, 479 U.S. 1019 (1986)
 
 
 [4]
 On May 1, 1996, Lacy filed a motion requesting us to, among other things, enjoin the defendants from placing prisoners using the segregation law library in wrist restraints. This request should have been presented to the district court in the first instance. The motion is therefore denied