**Joel FLAKES, Plaintiff,**

v.

**Matthew J. FRANK, Corrections Corporation of America, Jane Sondalle and Daniel Benik, Defendants.**

No. 04–C–189–C.

United States District Court, W.D. Wisconsin.

June 17, 2004.

Joel Scott Flakes, Madison, WI, Pro se.

Timothy D. Kiefer, Assistant Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants.

## ORDER

CRABB, District Judge.

Plaintiff has moved for reconsideration of this court's decision to deny him leave to proceed on his claims against defendant Matthew Frank under the Americans with Disabilities Act of 1990, 42 U.S.C. § § 12101–12213. In addition, he has moved for the appointment of counsel to represent him in this case. Plaintiff's motion for reconsideration will be granted, as will his motion for appointed counsel.

In the complaint setting out his ADA claim, plaintiff alleged that he needs a wheelchair because of severe osteoarthritis in his hips. While he was confined at the Stanley Correctional Institution, he was assigned to a handicap cell. The handicap cell is larger than a regular cell and has a grab bar on one wall. However, the cell does not have a television stand, cable or a writing desk, which are standard in regular cells. Plaintiff was not allowed to participate in recreational activities and other programs because of his handicap.

While he was confined at the Oshkosh Correctional Institution, plaintiff was denied the services of an aide to take him to the law library, school, recreation and the barber shop, all of which were outside the unit. A number of other inmates with disabilities were allowed to have aides to transport them to facilities outside the unit.

■ When I denied plaintiff leave to proceed on his ADA claims, I relied on the decisions in *Stevens v. Illinois Dept. of Transportation*, 210 F.3d 732 (7th Cir. 2000) and *Erickson v. Board of Governors of State Colleges and Universities*, 207 F.3d 945 (7th Cir.2000). Both of these cases involved claims by private individuals against state officials or agencies under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213. In both, the court of appeals held that the plaintiff's claims were barred by sovereign immunity under the Eleventh Amendment. On May 17, 2004, however, the United States Supreme Court handed down its decision in another ADA case against a state, *Tennessee v. Lane*, —— U.S. ——, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). In that case, the Court held that Congress expressed its intent to abrogate Eleventh Amendment immunity unequivocally when it wrote the Americans with Disabilities Act and that it had the power under § 5 of the Fourteenth Amendment to enact at least that portion of Title II that applies to the class of cases implicating the fundamental right of access to the courts. (The Court declined to take any position on any

other aspects of Title II.) Therefore, the state could not avoid suit by exercising an Eleventh Amendment immunity defense.

In requesting reconsideration of the dismissal of his ADA claim, plaintiff asks this court to look to *Tennessee* to govern the claims he raises. I agree that the case controls the analysis of plaintiff's ADA claims. Both *Erickson* and *Stevens* were cases brought under Title I of the ADA. In each case, the court of appeals analyzed Congress's authority to exercise its enforcement powers under § 5 of the Fourteenth Amendment as it relates to Title I. In this case, plaintiff claim arises under Title II of the ADA. In *Tennessee*, the court pointed out significant differences among Titles I, II and III of the ADA that are crucial to the analysis whether states may invoke the protections of the Eleventh Amendment.

Although it may be that in the final analysis, I will conclude that *Tennessee*'s narrow scope does not encompass plaintiff's ADA claims, at this stage of the proceedings I cannot say that plaintiff could prove no set of facts entitling him to relief on his ADA claims. Therefore, I will grant plaintiff's motion to reconsider that part of the order of April 30, 2004, in which I dismissed his claims against defendant Matthew J. Frank under the ADA.

I turn then to plaintiff's request for appointment of counsel. In support of the request, plaintiff asserts that he is an "unprofessional and unskilled lay person with a 10th grade education who is in severe and constant pain."

 Ordinarily, before I can decide whether to appoint counsel, I must find that plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or that he was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir.1992). In this case, a reasonable effort would entail contacting three lawyers whose practices include civil rights litigation. Plaintiff does not suggest that he contacted any lawyers about his case or that he has been prevented from doing so.. Nevertheless, given the number of claims on which plaintiff has been allowed to proceed, the complexity of his ADA claims, and the small number of lawyers willing or able to accept civil rights cases on a pro bono basis, I am convinced that it will only unnecessarily delay these proceedings to require plaintiff to cross this hurdle before the court attempts to find him a lawyer. Plaintiff should be aware that it will be difficult even for the court to find a lawyer to assist him. If no lawyer is willing to take his case, he will have to prosecute it on his own. In the meantime, I will stay all proceedings in this case pending appointment of counsel.

## ORDER

IT IS ORDERED that plaintiff's motion for reconsideration of that part of this court's April 30, 2004 order that dismissed his claims under the Americans with Disabilities Act against defendant Matthew J. Frank is GRANTED. Plaintiff may proceed against defendant Frank on his ADA claims. Plaintiff is already proceeding against defendant Frank for the purpose of discovering who acted with deliberate indifference to plaintiff's serious medical needs by ignoring an authorization for surgery or other medical services. Now, however, even after Frank identifies plaintiff's "Doe" defendant, he will remain a defendant on plaintiff's ADA claims.

Further, IT IS ORDERED that plaintiff's motion for the appointment of counsel is GRANTED. All proceedings in this case are STAYED pending appointment of counsel.