97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vincent L. AMMONS, Plaintiff-Appellant,
v.
Richard ALTHOUSE, Defendant-Appellee,
 No. 95-3038.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 19, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Vincent Ammons, a prisoner at Columbia Correctional Institution, alleges that he suffers from food allergies that trigger mental problems including depression, confusion and hallucinations. He filed a civil rights suit claiming that Richard Althouse, a psychologist who works part-time for the Columbia Correctional Institution, ignored his requests for treatment in violation of his Eighth Amendment right prohibiting cruel and unusual punishment. Ammons sought damages, a declaratory judgment and preliminary injunctive relief. After the court concluded that Ammons had failed to comply with its prior order requiring evidence to support the request for preliminary injunctive relief, the court denied the request. Althouse moved for summary judgment in full compliance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). The district court's procedures required Ammons to respond by controverting Althouse's proposed findings of fact. Uncontested proposed findings could be accepted as true. (R. 12 at 2-3, pp II, IV (standing order with appended copy of procedures).) Ammons referred generally to the procedures at the commencement of his own proposed findings of fact, but he did not comply with them. The court granted Althouse's motion because Ammons "has submitted no proposed facts describing the condition or symptoms that he allegedly suffered." (R. 33 at 2.) On appeal, Ammons blames his oversight on the district court's refusal to appoint counsel. We affirm.
 
 
 2
 The district court properly denied Ammons' request for the appointment of counsel because he failed to show that he had attempted unsuccessfully to obtain counsel on his own. It also explained in dicta that even if he had, it would have denied the request. Former § 1915(d) of Title 28, now recodified in a slightly different form as 28 U.S.C. § 1915(e)(1) (1996), "dictates that an indigent must have made an unsuccessful attempt to obtain counsel before the request can be considered." Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir.1992). If the court concludes that the indigent litigant has made reasonable efforts to obtain counsel or was effectively precluded from doing so, it then may consider the merits of the request. Id. at 1073. "Only when the petitioner meets this threshold requirement should the court commence the [merits] examination." Id.
 
 
 3
 Ammons contends that he attempted to obtain counsel both before and after the denial of his request. He has appended materials to his appellate brief in an attempt to support this assertion, but they are not part of the record before us. He concedes that he never informed the district court of his attempts. However, he blames the district court for this failure because its dicta concerning the merits had convinced him that attempting to make the threshold showing would be pointless. Jackson says that district courts should not consider the merits until the initial procedural hurdle has been met. Even so, the court's dicta concerning the merits in this case does not constitute reversible error. Armed with knowledge of both the procedural hurdle and the court's preliminary assessment of the merits, Ammons could have attempted to provide the court with a basis for reconsidering both points. Instead, he did nothing.
 
 
 4
 Ammons' claim that the deprivation of counsel caused him to lose is not based on his alleged mental incompetence itself, but on his lack of legal training. Ammons believes that he was entitled to an attorney and that the attorney because of his legal expertise would have appropriately submitted evidence documenting Ammons' mental illness. However, the district court did not abuse its discretion in denying him an attorney. Thereafter, he received due warning of the procedures that he needed to comply with, and he failed to follow them.
 
 
 5
 We wish to emphasize that nothing in the record indicates that Ammons' alleged illness played a direct role in his failure to respond appropriately to Althouse's motion. As the district court observed, Ammons is articulate and, for a layman, "has a relatively sophisticated understanding of the law." (R. 1 at 7.) Moreover, he did supply an affidavit with accompanying exhibits to support his response to the motion for summary judgment. (Ammons does not contend on appeal that his submissions were sufficient in either form or content to ward off summary judgment, and therefore we do not address the issue.) Since summary judgment was proper, we need not address Ammons' arguments concerning the denial of preliminary injunctive relief.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal will be submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)