Marc BOUBONIS, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. 97–C–202.

United States District Court, E.D. Wisconsin.

March 31, 1997.

Marc Boubonis, Milwaukee, WI, pro se.

Penelope C. Fleming, Asst. U.S. Atty., Office of U.S. Atty., Milwaukee, WI, for Defendant.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Marc Boubonis, filed this action on February 28, 1997, seeking review of a final decision of the Commissioner of Social

Security ["Commissioner"] who, Mr. Boubonis claims, denied his claims for supplemental security income benefits. Mr. Boubonis is proceeding pro se.

Accompanying the plaintiff's complaint is a petition for leave to proceed in forma pauperis. In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2)(B)(i). Because the court finds that Mr. Boubonis has satisfied both prongs of this test, his petition for leave to proceed in forma pauperis will be granted.

■ In his affidavit of indigence, Mr. Boubonis states that he is presently employed by the "Auto Driveaway" at the approximate rate of $250 per month. He further states that he has no money in a private checking or savings account and that he owns no real estate, bonds, automobiles, or other valuable property. Moreover, Mr. Boubonis submits that he owes $15,000 in school loans, $1000 in medical bills, and miscellaneous debts of $600. I believe that Mr. Boubonis has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $150 filing fee.

Mr. Boubonis must next demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989)); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir.1993). The court is obligated to give Mr. Boubonis' pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir.1992), *cert. denied*, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

Mr. Boubonis has the right, under 42 U.S.C. § 405(g) to obtain review of the administrative law judge's decision. Attached to the plaintiff's complaint is a copy of a letter from the Appeals Council for the Social Security Administration to Mr. Boubonis. In the letter, an appeals officer notified Mr. Boubonis that the council was denying his request for review of the adverse decision of the Administrative Law Judge ("ALJ"). By making this denial, the Appeals Council adopted the ALJ's decision as the final decision of the Commissioner. Mr. Boubonis filed a copy of the ALJ's decision with this court on March 4, 1997.

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Micus v. Bowen*, 979 F.2d 602, 604 (7th Cir.1992); *Ehrhart v. Secretary of Health and Human Serv.*, 969 F.2d 534, 538 (7th Cir.1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" *Ehrhart*, 969 F.2d at 538 (citations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

Although the plaintiff does not specifically argue in his complaint that the Commissioner's decision is not supported by substantial evidence and is contrary to law, the court finds that such an argument is implicit in Mr. Boubonis' filing of this complaint. The ALJ found that Mr. Boubonis has "severe" physical and mental impairments, and that he is unable to perform any of his past relevant work, but that the plaintiff's impairments did not meet the legal requirements for receiving supplemental security income. In his complaint before this court, the plaintiff lists several of the ALJ's findings that the plaintiff believes are wrong and that, Mr. Boubonis alleges, "turn[ ] a blind eye to the record."

■ I believe that it would be inappropriate for the court to decide at this early juncture that Mr. Boubonis' claim has no basis in either fact or law. To do so would be to find that the Commissioner's decision is supported by substantial evidence without the court's even seeing any of the evidence.

Although the standard that Mr. Boubonis must meet is high, it is not impossible. I conclude that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision and that Mr. Boubonis' appeal therefore may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

The United States Marshal will be directed to serve a copy of the complaint, the summons and this order upon the defendant. Mr. Boubonis, however, is reminded that he is required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon the defendant, or if an appearance is entered by counsel, upon counsel, a copy of *every* pleading, motion or other paper he files with the court.

Also before the court is Mr. Boubonis' request for the appointment of counsel, in which he states that "[e]fforts have been made in contacting at least six lawyers, with none interested in the case," and that with "claimant's disabilities and medication schedule, proceeding without an advocate may prove undesirable to all concerned."

■ Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir.1992). The newly amended in forma pauperis statute provides that the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Among the threshold factors that a court must consider when determining whether the appoint counsel for a civil litigant are his indigency and his attempts to retain counsel. As explained above, I have already found that Mr. Boubonis is indigent for the purposes of proceeding with this action. In *Jackson,* however, the court of appeals for the seventh circuit elaborated on the requirement that the litigant have attempted to find his own attorney:

> Yet once indigency is established, we believe that [the statute providing for appointment of an attorney] requires a threshold inquiry into the indigent's efforts to secure counsel. Accordingly, when deciding whether or not to grant a request for counsel under [the statute], the district judge must first determine if the indigent

has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts.

*Jackson,* 953 F.2d at 1072–73.

■ Once the plaintiff has established that he is indigent and that his reasonable efforts to obtain counsel were unsuccessful or that he was effectively precluded from making such efforts, some of the other factors that the district court may consider in exercising its discretion are the merits of the plaintiff's claim, the competency of the plaintiff to proceed without a lawyer, and the complexity of the legal issues. *Jackson,* 953 F.2d at 1072; *Maclin v. Freake,* 650 F.2d 885, 887–89 (7th Cir.1981).

■ Mr. Boubonis has failed to support his motion for the appointment of counsel with any proof that he has attempted to secure counsel. The court cannot, based merely upon his unsworn and unsupported assertions, find that Mr. Boubonis has met this threshold requirement for the appointment of counsel. Mr. Boubonis' application would be more helpful in assisting the court in its proper exercise of discretion if he were to submit a sworn statement identifying six attorneys he has contacted. He should also provide dates of such contact and the attorneys' responses. The plaintiff may renew this motion once he is able to show the court that he made reasonable efforts to secure counsel or that he was effectively precluded from doing so. Such motion, however, only will be considered by the court if Mr. Boubonis demonstrates that he has met the other requirements listed in *Jackson.*

Therefore, IT IS ORDERED that Mr. Boubonis' petition for leave to proceed in forma pauperis be and hereby is granted, pursuant to 28 U.S.C. § 1915(a) & (e)(2)(B)(i).

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(d), the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons and this order upon the defendant.

IT IS FURTHER ORDERED that Mr. Boubonis be and hereby is directed to serve

upon the defendant, or defendant's counsel, all pleadings, motions or other papers filed with the court.

IT IS FURTHER ORDERED that Mr. Boubonis' motion for the appointment of counsel be and hereby is denied, without prejudice.