896 F.Supp. 879 (1995)
Robert REWOLINSKI, Plaintiff,
v.
Kenneth MORGAN, Dan Buchler, Christopher Ellerd, and Mary Greene, Defendants.
No. 95-C-821.
United States District Court, E.D. Wisconsin.
August 18, 1995.
*880 Robert Rowolinski, pro se.

DECISION and ORDER
MYRON L. GORDON, District Judge.
On August 7, 1995, the plaintiff, Robert Rewolinski, presently incarcerated in the Racine Correctional Institution ["RCI"], filed a civil rights complaint under 42 U.S.C. § 1983 in the above-captioned action along with a petition to proceed in forma pauperis. In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). The court is obliged to give Mr. Rewolinski's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972); Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).
Mr. Rewolinski has filed an affidavit of indigence disclosing that he is employed as an "inmate runner" at RCI where he earns "approximately $75.  $80. a month." In addition, his affidavit reveals that, other than the $529.05 he has in his prison release accounts, which, as the name implies, cannot be accessed until his release from prison. His only other asset is the $84.05 in his prison trust account. Mr. Rewolinski has no debts or dependents.
One need not be completely destitute in order to proceed in forma pauperis under § 1915. An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948). Moreover, it is within the court's discretion to order payment of a portion of the filing fee while waiving the remainder where the litigant cannot pay the full expense but is economically able to pay a portion thereof. Bryan v. Johnson, 821 F.2d 455, 457 (7th Cir.1987) (citing Zaun v. Dobbin, 628 F.2d 990 (7th Cir.1980)).
In my opinion, Mr. Rewolinski has the ability to pay a portion of the $120 filing fee required in this case. As a prison inmate, Mr. Rewolinski receives the necessities of life from the state. At present, Mr. Rewolinski has access to a trust account with a modest balance as well as an income stream. In addition, his affidavit reveals that he has no mandatory monthly expenses. For these reasons, Mr. Rewolinski will be required to pay a partial filing fee of $21.01  which represents 25% of the balance in his trust account as of August 2, 1995  before he can proceed in forma pauperis. Partial payment will be waived if Mr. Rewolinski can show cause within 21 days of this decision and order why partial payment should not be required.
Of course, all of this is a moot point if Mr. Rewolinski does not satisfy the second element of the in forma pauperis test under § 1915(d). With respect to this element, an action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief in law or in fact. See Denton v. Hernandez, 504 U.S. 25, 31-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir.1993) (citing Castillo *881 v. Cook County Mail Room Dep't., 990 F.2d 304, 306 (7th Cir.1993)).
In his self-proclaimed "novel" complaint, Mr. Rewolinski, a deaf inmate, maintains that he is being discriminated against and denied access to prison services and programs because of his disability. Specifically, he contends that Dan Buchler, the deputy warden, denied his request to use "videoplaying equipment in his room" to watch closed-captioned videos. Such request was purportedly prompted by the fact that his ability to view closed-captioned videos in the "multi-purpose room" was taken away from him.
Mr. Rewolinski also finds fault with the fact that he was denied a certified interpreter in the American sign language to communicate with prison staff at his disciplinary hearings and medical appointments. With respect to this claim, Mr. Rewolinski asserts that his written request addressed to Kenneth Morgan, the warden, for an interpreter was ignored.
According to the remainder of his complaint, Mr. Rewolinski (1) is not being provided with adequate visiting time to allow him to communicate with his visitors via American sign language, (2) cannot sufficiently utilize the telephone device for the deaf after 9:00 p.m., (3) occasionally misses "standing count" because he has no visual alarm clock, and (4) is at risk of harm because his cell has no visual alarm system to warn him of fires or tornados.
The plaintiff states that the defendants are aware of his disability and his requests for accommodations but have ignored his needs and his requests for assistance. In addition to alleging that the defendants' conduct violated his rights under Title II of the Americans with Disability Act, [the "ADA"], 42 U.S.C. §§ 12131-33, he also contends that the defendants deprived him of equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution.
Mr. Rewolinski has brought both of his claims pursuant to 42 U.S.C. § 1983 which provides a remedy for constitutional violations and violations of federal statutes where the violations are under color of state law. There is authority, although not controlling, for the proposition that a litigant may premise a § 1983 action upon claims under Title II of the ADA. Noland v. Wheatley, 835 F.Supp. 476 (N.D.Ind.1993). The court's own research has not found any controlling authority to the contrary. Moreover, I find that the facts as alleged set forth an arguable violation of the plaintiff's rights under Title II of the ADA. See Clarkson v. Coughlin, 898 F.Supp. 1019 (S.D.N.Y.1995) (failure to provide interpreter, communications devices for telephone and visual safety alarms for deaf inmates violated Title II of the ADA).
Mr. Rewolinski also contends that as a deaf inmate, he is being treated differently than hearing inmates in violation of the equal protection clause. This claim is an uphill one, however, because disabled persons are not a suspect class. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (holding that heightened equal protection scrutiny applies only to classifications based on race, alienage, national origin, gender and legitimacy). To withstand equal protection review, classifications which distinguish between deaf persons and others need only be rationally related to a legitimate governmental interest. See City of Cleburne, 473 U.S. at 446, 105 S.Ct. at 3257-58. The rational relationship standard is not a stringent one, and I cannot rule at this stage that the plaintiff's equal protection claim is legally or factually frivolous.
Accordingly, Mr. Rewolinski will be allowed to proceed in forma pauperis on his ADA claim and on his equal protection claim under 42 U.S.C. § 1983 provided he submits the partial filing fee referred to above to the clerk of court. Upon receipt of the partial payment from Mr. Rewolinski, the United States Marshal will be required to serve and file a copy of the complaint, the summons and this order upon the named defendants.
Mr. Rewolinski is reminded that he is required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon the defendants or, if an appearance is entered by counsel, upon counsel, a copy of every pleading, *882 motion or other paper he files with the court. The plaintiff should retain a copy of each document for his own files. If Mr. Rewolinski does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents. In addition, the plaintiff is obligated to demonstrate that he has complied with the service requirements by filing a certificate of service with his papers. Rule 5(c), Federal Rules of Civil Procedure. Failure to comply with these instructions may result in the court's disregarding such pleadings, motions or other papers.
Therefore, IT IS ORDERED that Mr. Rewolinski's petition for leave to proceed in forma pauperis be and hereby is granted to the extent that he will be allowed to proceed in forma pauperis on his claim upon partial payment of the filing fee in the amount of $21.01 with the remainder of the $120 filing fee waived.
IT IS ALSO ORDERED that partial payment will be waived if Mr. Rewolinski successfully shows cause within 21 days from the date of this decision and order why partial payment should not be required.
IT IS FURTHER ORDERED that upon receipt of the partial payment of $21.01, the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons and this order upon the named defendants.
IT IS FURTHER ORDERED that Mr. Rewolinski be and hereby is directed to serve upon the defendants, or defendants' counsel, all pleadings, motions or other papers filed with the court.
IT IS FURTHER ORDERED that if Mr. Rewolinski does not submit partial payment of $21.01 to the clerk of court or a request for waiver of partial payment within 21 days from the date of this decision and order, the clerk of court be and hereby is directed to dismiss this action, without prejudice.