Terry Lee DOTSON, Plaintiff,

v.

**BLOOD CENTER OF SOUTHEASTERN WISCONSIN, Defendant.**

Terry Lee DOTSON, Plaintiff,

v.

**FRANCISCAN SHARED LAB, Defendant.**

Terry Lee DOTSON, Plaintiff,

v.

**ST. MARY'S HOSPITAL, Defendant.**

Terry Lee DOTSON, Plaintiff,

v.

**FROEDTERT MEMORIAL LUTHERAN HOSPITAL, Defendant.**

Terry Lee DOTSON, Plaintiff,

v.

**SINAI SAMARITAN MEDICAL CENTER, St. Luke's and Aurora Health Care, Defendants.**

Nos. 97–C–1261 to 97–C–1265.

United States District Court, E.D. Wisconsin.

Jan. 5, 1998.

As Corrected Jan. 9, 1998.

Terry Lee Dotson, Milwaukee, WI, pro se.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The pro se plaintiff, Terry Dotson, filed the five above-captioned Title VII complaints on December 8, 1997. In each action, Mr. Dotson has also filed a petition for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a request for the appointment of counsel. Because the allegations in each of the complaints are similar, I will address all of his applications for leave to proceed in forma pauperis and for the appointment of counsel in this single decision and order.

■ In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous, for purposes of § 1915(e)(2), if there is no arguable basis for relief in law or in fact. *See Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1732–33, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 306 (7th Cir.1993).

The court is obliged to give Mr. Dotson's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

■ According to his affidavit of indigence, which is identical in each of his five actions, Mr. Dotson is presently unemployed and, in the last 12 months, has received $560.00 a month in social security disability payments. Mr. Dotson was last employed in October, 1997, at which time he earned $8.00 an hour. He does not specify whether he was employed on a full-time or part-time basis. The affidavit also reveals that Mr. Dotson has no assets. His mandatory monthly expenses total $350.00. In addition, he states that he is making monthly payments on credit card bills in the amount of

$110.00 to "Target–Boston Store" ($50.00) and to a furniture store ($60.00). Mr. Dotson has no dependents.

One need not be completely destitute in order to proceed in forma pauperis under § 1915. An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40, 69 S.Ct. 85, 89–90, 93 L.Ed. 43 (1948); *Rewolinski v. Morgan*, 896 F.Supp. 879, 880 (E.D.Wis.1995) (Gordon, J.). Moreover, it is within the court's discretion to order payment of a portion of the filing fee while waiving the remainder where the litigant cannot pay the full expense but is economically able to pay a portion thereof. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir.1987) (citing *Zaun v. Dobbin*, 628 F.2d 990 (7th Cir.1980)).

In my opinion, Mr. Dotson has the ability to pay a portion of the $150.00 filing fee required in each of these cases. Mr. Dotson's affidavits reveal that after paying for his mandatory monthly expenses, $210.00 remains from his monthly social security payments. While Mr. Dotson has allocated $110.00 of that amount to pay his credit card bills, those payments are discretionary. For these reasons, Mr. Dotson will be required to pay a partial filing fee of $ 75.00 for each of the above-captioned actions, which represents one-half of the $150.00 filing fee required in each case.

Of course, all of this is a moot point if Mr. Dotson does not satisfy the second element of the in forma pauperis test, recited above, under § 1915(e)(2)(B). In each of the five actions, Mr. Dotson alleges violations of Title VII, 42 U.S.C. § 2000e et seq., in that the named defendant or defendants discriminated against him by failing to hire him because of his race, which is black.

Mr. Dotson can prevail on his Title VII claims by offering direct evidence of discriminatory intent, *Von Zuckerstein v. Argonne Nat'l Laboratory*, 984 F.2d 1467, 1472 (7th Cir.), *cert. denied*, 510 U.S. 959, 114 S.Ct. 419, 126 L.Ed.2d 365 (1993) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)), or by relying on the indirect, burden-shifting method of proof set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to make out a prima facie case of discrimination in hiring under the indirect, burden-shifting method, the plaintiff must allege (1) that he belongs to a protected class, (2) that he applied and was qualified for a particular position, (3) that he was not offered the position, and (4) that the position remained open to others after the plaintiff was rejected. *Vitug v. Multistate Tax Comm'n*, 88 F.3d 506, 515 (7th Cir.1996).

### I. Action Against the Blood Center

In his complaint in case number 97–C–1261, Mr. Dotson's alleges that "[s]ince June of 1996, [he has] applied at least five times with the defendant [Blood Center of Southeastern Wisconsin] for various positions—including medical technologist, medical technician and technician. The defendant has repeatedly denied me employment." In addition, he maintains that he dealt with various employees of the Blood Center who "took resumes from [him]" and met with him at job fairs but never took any action beyond these meetings despite their promises to do so. He contends that the conduct of these employees shows that they were "uninterested in helping a black student succeed" and that "these negative supports and attitudes" demonstrate that the defendant discriminated against him "on the basis of [his] race."

Even liberally construed, Mr. Dotson's complaint contains no allegations which, if true, constitute direct evidence of discriminatory intent on the part of the defendant. In addition, Mr. Dotson has failed to allege facts which set forth the essential elements of a prima facie case of discriminatory hiring under Title VII. The complaint is devoid of any allegation that Mr. Dotson was qualified for any of the five job openings with the defendant for which he allegedly applied. Moreover, the plaintiff fails to allege facts which even suggest that the positions at issue remained open after he was rejected.

Based on the above, I find that the complaint in case number 97–C–1261 fails to state a claim upon which relief can be grant-

ed. This action will be dismissed under 28 U.S.C. § 1915(e)(2)(B), and the related motion for leave to proceed in forma pauperis will be denied.

### II. Action Against Franciscan

■ In the second case, case number 97–C–1262, Mr. Dotson alleges that in October, 1996, he applied for a job as a "medical technologist" with the "defendant" and that he has applied "several times again." He claims that the human resources representative, Denise Brown, advised him in writing that there were no positions available that would be suitable for his qualifications. According to Mr. Dotson's complaint, however, Ms. Brown's statement was not true because there were "various openings at the hospitals that were listed in the job opening book at each hospital," and "there were always jobs [sic] openings at Covenant Health Care." Mr. Dotson states that he was qualified for these openings. He also claims that Ms. Brown, who was "doing the hiring for all of Covenant Health Care," interviewed him once, but "conveyed an [sic] negative attitude toward me—indicating she didn't prefer hiring blacks." He also states that "Denise Brown hired some of my graduate class (white) before gratuation [sic] or before they passed the ASCP exam." Finally, the plaintiff claims that while he was interviewing with "department supervisor" Kevin McKinney, he saw a "class member of mine working there (white) before passing the exam."

I find that Mr. Dotson has failed to state a claim upon which relief can be granted. He names "Franciscan Shared Lab" in the caption of his complaint and "Franciscan Shared Laboratory, Inc." in his petition for leave to proceed in forma pauperis, yet he makes no allegation regarding this entity in the body of his complaint. Instead, he refers only once to "the defendant" and twice to "Covenant Health Care." Furthermore, in his only reference to "the defendant," Mr. Dotson states that Ms. Brown is the defendant's human resources representative, but also that she did all the hiring for Covenant Health Care. He does not, however, make any claim that Franciscan Shared Laboratories, Inc. and Covenant Health Care are related in any way. Despite, the liberal standard applied to pro se plaintiffs, it is not the proper function of this court to interpret Mr. Dotson's complaint as stating a claim against a defendant that is not mentioned anywhere but in the caption of the complaint or to guess about the relationship between the different entities that the plaintiff does identify by name. I will therefore dismiss case number 97–C–1262, without prejudice

### III. Action Against St. Mary's

■ The complaint in case number 92–C–1263 consists of the following relevant allegations:

> I applied for a position of Medical Technologist with the defendant twice—each time I was denied employment.... The positions I applied for were given to internship students from the same institution I completed mine at. The student hired didn't have as much experience as I did, wasn't ASCP certified—I was certified and had completed my B.S. degree in medical technology—this indicated a bias toward me.

Although the plaintiff has not specifically alleged that he had the necessary qualifications for the position he twice applied for, I believe that, liberally construed, he has alleged facts which, if true, demonstrate a prima facie case of employment discrimination on the basis of race. Accordingly, Mr. Dotson will be allowed to proceed in forma pauperis on his Title VII claim against St. Mary's Hospital in case number 97–C–1263 provided he submits the partial filing fee of $75.00 to the clerk of court within 21 days from the date of this decision and order.

### IV. Action Against Froedtert

■ In his fourth case, case number 97–C–1264, Mr. Dotson alleges that he has applied for a "medical technologist" position with Froedtert Memorial Lutheran Hospital ["Froedtert"] three or four times since August, 1996. According to his complaint, the defendant has not hired him and has never explained why he was not hired. He claims that he was qualified for the positions, that he is "ASCP Certified," that he is black, and that "Froedtert hired some of my graduate class (the ones that interned there) before they passed the ASCP exam." He concludes that "the defendant is discriminating against me by denying me employment on the basis of my race."

I believe that, given the liberal standard to be applied to pro se plaintiffs, Mr. Dotson's complaint, at this point in the proceedings, states a claim. Broadly reading his complaint, he appears to allege every element of a prima facie case of race discrimination. At this stage, it cannot be said that Mr. Dotson has no arguable basis for relief in law or in fact or that he could prove no facts that would entitle him to relief. I will therefore allow case number 97–C–1264 to go forward, as long as Mr. Dotson pays the partial filing fee of $75.00 to the clerk of court within 21 days of the date of this decision and order.

### V. Action Against Sinai Samaritan, St. Luke's and Aurora

 Mr. Dotson brings this case against three defendants: Aurora Health Care, Sinai Samaritan Medical Center and St. Luke's Hospital. The relevant allegations in the complaint are as follows:

> I interned at Aurora Health Care for one year May 1995—May 1996—rotated from Sinai Samaritan to St. Luke's Medical Centers becoming proficient in all the Medical Laboratory departments.... I applied for an open position while interning there. I wasn't considered for the job, but other student [sic] that interned with me were, and hired (white students) these students had not passed the Board Certification Exam. I applied for a number of positions since I interned but haven't been considered for employment yet.

Missing from Mr. Dotson's complaint is any allegation that he was qualified for the positions for which he applied. In the absence of such allegations, he has failed to allege facts which satisfy the first element of a prima facie case under Title VII. Moreover, Mr. Dotson doesn't specify whether the open positions for which he applied were with Aurora Health Care, Sinai Samaritan Hospital or St. Luke's Hospital. Therefore, it is impossible to determine which, if any, defendant rejected his application much less did so in a discriminatory fashion. The complaint also lacks any factual allegations which constitute direct evidence of discriminatory intent on the part of the defendants.

Upon examination of the complaint in case number 97–C–1265, I find that Mr. Dotson has failed to allege essential elements of a successful claim under Title VII. Accordingly, his petition for leave to proceed in forma pauperis will be denied and case number 97–C–1265 will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### VI. Motions for the Appointment of Counsel

 Mr. Dotson has also moved, in all five cases, for appointment of counsel, because he is "unable to pay the filing fee." Since I have found that Mr. Dotson may not proceed on the cases numbered 97–C–1261, 97–C–1262, and 97–C–1265, this motion only applies to the case numbered 97–C–1263 and 97–C–1264.

 Civil litigants have no constitutional or statutory right to counsel, *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995), and it is therefore within the district court's sound discretion whether to appoint counsel for an indigent party. *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir.1992). The court, before considering any other factors, must make a threshold inquiry into the litigant's indigency and his efforts to obtain counsel:

> Yet once indigency is established, we believe that [the statute providing for appointment of an attorney] requires a threshold inquiry into the indigent's efforts to secure counsel. Accordingly, when deciding whether or not to grant a request for counsel under [the statute], the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts.

*Jackson,* 953 F.2d at 1072–73. Once the plaintiff has established that he is indigent and that his reasonable efforts to obtain counsel were unsuccessful or that he was effectively precluded from making such efforts, some of the other factors that the district court may consider in exercising its discretion are the merits of the plaintiff's claim, the competency of the plaintiff to proceed without a lawyer, and the complexity of the legal issues. *Jackson,* 953 F.2d at 1072; *Maclin v. Freake,* 650 F.2d 885, 887–89 (7th Cir.1981).

While I believe that Mr. Dotson has the means to pay a portion of the required filing fee for this action, I find that he is indigent for the purpose of retaining counsel. He does not, however, fare so well on the other threshold factor since he does not support his motion with any proof at all that he has attempted to secure counsel. His application would be more helpful in assisting the court in its proper exercise of discretion if he were to submit a sworn statement identifying six attorneys he has contacted. He should also provide the dates of such contact and the attorneys' responses. The plaintiff may renew his motion once he is able to show the court that he has made reasonable efforts to secure counsel or that he was effectively precluded from doing so. Such motion, however, only will be considered by the court if Mr. Dotson demonstrates that he has met the other requirements listed in *Jackson.*

### VII. CONCLUSION

Mr. Dotson will be allowed to proceed in forma pauperis on case numbers 97–C–1263 and 97–C–1264. His remaining three cases will be dismissed. Upon receipt of the partial payment from Mr. Dotson in case numbers 97–C–1263 and 97–C–1264, the United States Marshal will be required to serve and file a copy of the respective complaint and the documents filed therewith, the summons and this order upon the named defendants.

Mr. Dotson is reminded that he is required under Rule 5(a), Federal Rules of Civil Procedure, to serve upon the defendants or, if an appearance is entered by counsel, upon counsel, a copy of *every* pleading, motion or other paper he files with the court. The plaintiff should retain a copy of each document for his own files. If Mr. Dotson does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents. In addition, the plaintiff is obligated to demonstrate that he has complied with the service requirements by filing a certificate of service with his papers. Rule 5(c), Federal Rules of Civil Procedure. Failure to comply with these instructions may result in the court's disregarding such pleadings, motions or other papers.

IT IS ORDERED that Mr. Dotson's petition for leave to proceed in forma pauperis in case number 97–C–1261 be and hereby is denied.

IT IS ALSO ORDERED that case number 97–C–1261 be and hereby is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED Mr. Dotson's petition for leave to proceed in forma pauperis in case number 97–C–1262 be and hereby is denied.

IT IS FURTHER ORDERED that case number 97–C–1262 be and hereby is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that Mr. Dotson's petition for leave to proceed in forma pauperis in case number 97–C–1263 be and hereby is granted to the extent that he will be allowed to proceed in forma pauperis on his claim upon partial payment to the clerk of court of the filing fee in the amount of $75.00, with the remainder of the $150.00 filing fee waived, no later that 21 days from the date of this decision and order.

IT IS FURTHER ORDERED that upon receipt of the partial payment of $75.00, the United States Marshal be and hereby is directed to serve a copy of the complaint in case number 97–C–1263 and the documents submitted therewith, the summons and this order upon the defendant named in that complaint.

IT IS FURTHER ORDERED that if Mr. Dotson does not submit the partial payment of $75.00 in case number 97–C–1263 to the clerk of court within 21 days from the date of this decision and order, the clerk of court be and hereby is directed to dismiss that action, without prejudice.

IT IS FURTHER ORDERED that Mr. Dotson's petition for leave to proceed in forma pauperis in case number 97–C–1264 be and hereby is granted to the extent that he will be allowed to proceed in forma pauperis on his claim upon partial payment to the clerk of court of the filing fee in the amount of $75.00, with the remainder of the $150.00 filing fee waived, no later that 21 days from the date of this decision and order.

IT IS FURTHER ORDERED that upon receipt of the partial payment of $75.00, the

United States Marshal be and hereby is directed to serve a copy of the complaint in case number 97–C–1264 and the documents submitted therewith, the summons and this order upon the defendants named in that complaint.

IT IS FURTHER ORDERED that if Mr. Dotson does not submit partial payment of $75.00 in case number 97–C–1264 to the clerk of court within 21 days from the date of this decision and order, the clerk of court be and hereby is directed to dismiss that action, without prejudice.

IT IS FURTHER ORDERED that Mr. Dotson's petition for leave to proceed in forma pauperis in case number 97–C–1265 be and hereby is denied.

IT IS FURTHER ORDERED that case number 97–C–1265 be and hereby is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that with respect to case numbers 97–C–1263 and 97–C–1264, Mr. Dotson be and hereby is directed to serve upon the defendants, or defendants' counsel, all pleadings, motions or other papers filed with the court.

IT IS FURTHER ORDERED that the plaintiff's motions for the appointment of counsel be and hereby are denied, without prejudice.